# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 07-cv-01903-REB

JULIE A. TWAROG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

# ORDER REVERSING DISABILITY DECISION
# AND REMANDING TO COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed September 10, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that a she is disabled as a result of degenerative disc disease of the cervical and lumbar spine and bilateral carpel tunnel syndrom. After her applications for disability insurance and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on August 10, 2005. Following an unfavorable decision, plaintiff appealed to

the Appeals Council, which vacated the decision and remanded for further proceedings. A second administrative hearing was held on January 23, 2007. At the time of this hearing, plaintiff was 40 years old. She has a high school education and two years of college courses and past relevant work experience as a paralegal and as a shipping and receiving clerk. She has not engaged in substantial gainful activity since October 25, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform sedentary with some restrictions. Although this finding precluded plaintiff's past relevant work, the ALJ found that there were other jobs existing in significant numbers in the national economy that plaintiff could perform. She therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four

3

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

On appeal, plaintiff presents a number of separate arguments that can be boiled

4

down to one overarching issue: whether the ALJ erred in assessing her residual functional capacity, and more particularly, in assessing the conflicting medical opinions of Dr. Kenneth Danylchuk, plaintiff's treating physician, and Dr. Michael Iannotti, a consultative examiner. Because the ALJ's opinion is internally inconsistent and fails to adequately explain the basis for the weight given to the two opinions, remand is warranted.

Based on his treatment of plaintiff, Dr. Danylchuk opined that in an eight-hour work day, plaintiff could lift and carry up to ten pounds "continuously" (i.e., over two-thirds of the time), sit for up to thirty minutes at a time without interruption and up to four hours total, and stand and walk without interruption for twenty minutes at a time, up to one hour total. She could occasionally reach, finger, handle and push or pull with the right hand and occasionally reach overhead with the left.[1] (Tr. 207-212.) By contrast, Dr. Iannotti found that plaintiff could sit, stand, and walk for at least six hours in a work day. He stated that she could lift five pounds occasionally with the right hand and ten pounds occasionally with the left hand, but should not perform repetitive activities involving fingering or grasping for more than ten to fifteen minutes continuously or more than two hours in a day. She also should avoid overhead lifting. (Tr. 112-113.)

Considering these and the other medical opinions of record, the ALJ found that plaintiff had the residual functional capacity to perform sedentary work "with the

---

[1] The ALJ noted, and the parties do not dispute, that Dr. Danylchuk inadvertently transposed the right- and left-hand restrictions, as the objective evidence clearly supports the conclusion that plaintiff's dominant right hand is more severely affected by carpel tunnel than her left hand. (Tr. 27.) This error, however, also infected the ALJ's proposed hypothetical to the vocational expert, who was asked to assume greater limitations on the non-dominant hand. As the case must be remanded in any event, the ALJ may remedy this error in subsequent proceedings.

following additional restrictions: occasionally operate foot controls, occasionally perform handling and fingering with the right (dominant) upper extremity, no climbing ladders or scaffolds, and no exposure to unprotected heights or vibration." (Tr. 22.) In so finding, the ALJ purportedly afforded controlling weight to the upper extremity, postural, and environmental restrictions imposed by Dr. Danylchuk, as well as his restrictions regarding standing and walking. However, she found his opinion regarding plaintiff's ability to sit less persuasive as that of Dr. Iannotti, concluding that the absence of neurological deficits and plaintiff's activities of daily living and ability to care for a baby were inconsistent with such restrictions. (Tr. 27.) In addition, the ALJ stated that Dr. Iannotti's opinion regarding plaintiff's ability to lift was more consistent with the record than that of a state agency medical consultant who suggested a greater capacity in that regard. (Tr. 26; *see also* Tr. 114-121.)

There are at least two problems with this determination. First, the ALJ did not clearly address the discrepancy between the lifting restrictions imposed by Dr. Iannotti and those assessed by Dr. Danylchuk. Dr. Iannotti's opinion, which the ALJ purportedly adopted, was more restrictive than either Dr. Danylchuk's opinion or the ALJ's ultimate determination of plaintiff's residual functional capacity, both of which allowed plaintiff to lift up to ten pounds occasionally without differentiating between the right and left hands. If Dr. Iannotti's opinion in this regard was, in fact, adopted, the five-pound lifting restriction might well be expected to erode the occupational base, if not eliminate competitive employment entirely. ***See Colon v. Commissioner of Social Security***, 2004 WL 1144059 at *8 (N.D.N.Y. March 22, 2004) ("Where an individual is unable to

perform the full range of sedentary work, her occupational base will be eroded by additional limitations or restrictions on her exertional and non-exertional capacities."). This determination is "especially critical for individuals who have not yet attained age 50," such as plaintiff. **Social Security Ruling** 96-9p, 1996 WL 374185 at *2 (SSA July 2, 1996). However, the ALJ also stated that she gave controlling weight to Dr. Danylchuk's "upper extremity" restrictions and ultimately adopted a ten-pound lifting restriction, as suggested by his opinion. Remand is required to allow the ALJ to explain this internal inconsistency in her opinion.[2]

Additionally, the ALJ's cited reasons for rejecting Dr. Danylchuk's opinion insofar as it limited plaintiff's ability to sit were insufficient to support that aspect of her decision.[3] There is nothing in the record, other than the ALJ's own lay conclusion, to correlate a lack of neurological deficits with an ability to sit for any particular period of time. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004); *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). Moreover, to the somewhat limited extent that a plaintiff's activities of daily living correlate to the ability to sustain competitive employment, *see Thompson*, 987 F.2d at 1490; *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984), the ALJ's largely global reference to such activities is unilluminating at best. Her failure to explain how caring for a baby is inconsistent with

---

[2] Nor was this error harmless, since both of the alternative jobs plaintiff was found capable of performing specifically contemplate the ability to lift up to ten pounds occasionally. (*See* Def. Resp. App., Exh. A-1.)

[3] In addition, the ALJ's rejection of Dr. Danylchuk's opinion in this respect does not entitle her to adopt Dr. Iannotti's opinion by default. Instead, the ALJ must explain why Dr. Iannotti's opinion is entitled to greater weight. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's report, not the other way around.").

7

the need to lay down frequently, a conclusion that is not at all self-evident, is likewise problematic. Finally, the supposed internal inconsistency in Dr. Danylchuk's opinion – that his limitation on plaintiff's ability to use public transportation due to the use of stairs was inconsistent with his statement that plaintiff could occasionally climb stairs – is a complete non sequitur in relation to the functional capacity for sitting.

For these reasons, the ALJ's disability determination cannot stand.[4]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Reevaluate plaintiff's physical residual functional capacity, articulating fully her findings in this regard in light of the deficiencies noted in this Order;

   b. Recontact any of the treating or examining physicians for further clarification of their findings, seek the testimony of medical and/or vocational experts, order subsequent consultative examinations, or otherwise further develop the record as she deems necessary; and

   c. Reassess the disability determination; and

---

[4] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

3. That plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated January 9, 2009, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**